UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL SKIRNICK,           )
                            )
            Plaintiff,      )
                            )
      vs.                   )    CAUSE NO. 3:11-CV-279 PS
                            )
DR. MILLER, M.D., *et al.*, )
                            )
            Defendants.     )

## OPINION AND ORDER

In 2009, Plaintiff Michael Skirnick was severely injured when his clothing caught fire from a cutting torch he was using. He alleges that on or about July 13, 2009, he was arrested by Griffith police officers, but that Lake County Jail officials would not accept him because of his injuries. He states that two Merrillville Police officers then took him to St. Mary's hospital where Dr. Miller signed paperwork stating that he had no serious medical needs that would prevent him from being housed at the jail. Skirnick is suing Dr. Miller and the police officers who took him to the hospital, asserting that their conduct was "contrary to Indiana Constitution Articles 1 § 12, 14 et seq. and the United States constitution 5th, 8th and 14th Amendments" [DE 1 at 2].

Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Federal Rule of Civil Procedure 8(a). *Id.* at 93. The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (internal citations and quotations omitted). In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and citations omitted).

Skirnick brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Dr. Miller is a doctor employed at a private hospital and would generally not be a state actor within the meaning of § 1983. But Skirnick alleges that St. Mary's Hospital had a "contract with [the] Merillville Police Department" or the Lake County Jail to examine and treat inmates [DE 1 at 2]. If that is true, Dr. Miller may have acted under color of state law because doctors who see and treat inmates on behalf of state or municipal entities are considered to be state actors. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 824-25 (7th Cir. 2009).

The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Skirnick's allegation that the defendants' actions violated provisions of Indiana's constitution states no claim upon which relief can be granted in a claim brought under § 1983.

Skirnick alleges that the defendants' actions violated the Fifth and Fourteenth Amendments' due process clauses and the Eighth Amendment's prohibition against cruel and unusual punishment. In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394 (1989). The Fifth Amendment's due process clause relates only to the federal government and its agencies. *See Andrews v. Consolidated Rail Corp*. 831 F.2d 678, 681-83 (7th Cir. 1987); *see* also *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000) (Fifth

3

Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials).

Claims against law enforcement officers in the course of an arrest or investigatory stop should be analyzed under the Fourth Amendment. *Graham,* 490 U.S. at 395. The Fourteenth Amendment's due process clause protects pretrial detainees and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979). Because Skirnick complains of events that occurred after he was taken into custody pursuant to an arrest warrant but before his conviction, his claims arise under the Fourteenth Amendment's due process clause. But "[a]lthough the Eighth Amendment only applies to convicted prisoners . . . the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities

or features chronic and substantial pain. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez*, 111 F.3d at 1373.

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Skirnick alleges that jail officials "would not accept him due to the Plaintiff having 3rd degree burns which included, but were not limited to: exposed bone, exposed ligaments, exposed tendons and massive tissue damage" [DE 1 at 3]. He further alleges that he was taken to St. Mary's hospital "for the purpose of having him declared 'fit' to be incarcerated instead of for treatment" [DE 1 at 3] and that "[w]hen the defendant (Dr. Miller) signed paperwork for the Merillville Police Department stating the Plaintiff had no serious medical issues and/or needs, he did so for the sole purpose of depriving the Plaintiff of needed medical care and to expedite the Plaintiff being incarcerated; this orchestrated a gratuitous cruelty upon the Plaintiff and was the vehicle by which the Plaintiffs civil rights were impaired" [DE 1 at 3].

"Fed. R. Civ. P. 8 . . . establishes a system of notice pleading," and a complaint may not be dismissed at the pleading stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Plaintiff alleges that he had open, obvious, and serious injuries, but that Dr. Miller declined to treat these injuries and instead certified that he had "no serious medical issues and/or needs" [DE 1 at 3]. Assuming that Dr. Miller acted under color of state law when he examined Skirnick and that Skirnick had the serious and obvious injuries he claims, then giving him the benefit of the inferences to which

he is entitled at the pleadings stage, Skirnick states a plausible Fourteenth Amendment denial of medical treatment claim against Dr. Miller.

Skirnick also names two John Doe police officers as defendants, but he may not pursue claims against them until he has identified them by name. The United States Marshal's office is charged with effecting service of process for prison inmates. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). "The Marshal needs from the prisoner information sufficient to identify the guard ('John Doe No. 23' won't do)." *Id.* at 602. Because Skirnick has not provided the information necessary to identify the Doe defendants in this case, the Marshal can not serve them with process, and the Court cannot acquire personal jurisdiction over them. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

The Court will dismiss the John Doe defendants without prejudice. If the Plaintiff can identify those defendants later, he may move to add them as defendants.

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant Miller in his personal capacity on the Plaintiff's Fourteenth Amendment claim that Defendant Miller denied him needed and obvious medical treatment;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims, and **DISMISSES** Defendants John Doe and John Does without prejudice;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Miller respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on Defendant Miller, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**SO ORDERED**.
ENTERED: May 30, 2012

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT