UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL SKIRNICK,                    )
                                     )
            Plaintiff,               )
                                     )
       vs.                           )      CAUSE NO. 3:11-CV-279 PS
                                     )
DR. MILLER, M.D., *et al.,*          )
                                     )
            Defendants.              )

OPINION AND ORDER

In 2009, Plaintiff Michael Skirnick was severely injured when his clothing caught fire

from a cutting torch he was using. He alleges that on or about July 13, 2009, he was arrested by

Griffith police officers, but that Lake County Jail officials would not accept him because of his

injuries. He states that two Merrillville Police officers then took him to St. Mary's Hospital

where Dr. Miller signed paperwork stating that he had no serious medical needs that would

prevent him from being housed at the jail. Skirnick sued Dr. Miller and the police officers who

took him to the hospital, asserting that their conduct violated provisions of Indiana's

Constitution and the United States Constitution's Fifth, Eighth, and Fourteenth Amendments

[DE 1 at 2].

I screened the complaint pursuant to 28 U.S.C. § 1915A, granted the Plaintiff leave to

proceed against Defendant Miller in his personal capacity on his claim that Defendant Miller

denied him needed and obvious medical treatment, and dismissed pursuant to 28 U.S.C. §1915A,

all other claims and defendants. Defendant Miller has now filed a motion for summary judgment

pursuant to Fed. R. Civ. P. 56, asserting that he is not a state actor [DE 26]. The Plaintiff has not

responded to the motion for summary judgment.

**DISCUSSION**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At summary judgment, 'a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.'" *Paz v. Wauconda Healthcare and Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006), *quoting Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Moreover, this Court must construe "the record in the light most favorable to the nonmovant" and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne*, 337 F.3d at 770 (noting that "summary judgment cannot be used to resolve swearing contests between litigants").

Nevertheless, summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008), *quoting Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). Therefore, in order for this case to survive summary judgment, Skirnick must point to admissible evidence demonstrating that Dr. Miller acted under color of state law when he examined Skirnick at St. Mary's Hospital. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) (noting that "a court may consider only admissible evidence in assessing a motion for summary judgment").

Skirnick brings this action under 42 U.S.C. §1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United

2

States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the screening order allowing Skirnick to proceed against Dr. Miller, I noted that Dr. Miller is a doctor employed at a private hospital and that he would generally not be a state actor within the meaning of §1983. But in his complaint, Skirnick alleged that St. Mary's Hospital had "a 'contract with [the] Merillville Police Department' or the Lake County Jail to examine and treat inmates" [DE 8 at 3], and I concluded that "[i]f that is true, Dr. Miller may have acted under color of state law because doctors who see and treat inmates on behalf of state or municipal entities are considered to be state actors. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 824-25 (7th Cir. 2009)" [DE 8 at 3].

In support of his motion for summary judgment, Dr. Miller submits his own affidavit and the affidavit of Sherry Brewer [DE 26-1 at 3-4]. In his own affidavit, Dr. Miller states that he examined and treated Skirnick "at St. Mary Medical Center in Hobart, Indiana on July 14, 2009" [DE 26-1 at 3]. He further states that he was not an employee of St Mary Medical Center; rather, he "was an employee of EPMG of Indiana, P.C.," and that neither he "nor EPMG of Indiana, P.C. was a party to any contract with any police agency to provide medical services to any detainee or prisoner." [*Id.*] In her affidavit, Sherry Brewer states that she is the Director of Quality/Risk Management at St. Mary Medical Center in Hobart, Indiana, and that "[a]s of July 14, 2009 St. Mary Medical Center was not a party to any contract with any police agency to provide medical services to any detainee or prisoner" [DE 26-1 at 4].

Because the Defendant has met his initial obligation under Rule 56, the burden shifts to the Plaintiff to come forth with evidence sufficient to allow a factfinder to decide in his favor the question of whether Dr. Miller was a state actor. Although Dr. Miller provided Skirnick with an

3

extensive warning of the consequences of not submitting an affidavit stating facts opposing his

dispositive motion [DE 27], Skirnick has not responded to Dr. Miller's motion for summary

judgment.[1]  Because Skirnick has not responded to the summary judgment motion, I must accept

the Defendant's uncontested sworn statements of fact as true and draw all reasonable inferences

from those facts.

The evidence presented by the Defendant establishes that Dr. Miller was not an employee

of St. Mary Medical Center at the time he examined Skirnick, but rather he "was an employee of

EPMG of Indiana P.C." and that neither he "nor EPMG of Indiana, P.C. was a party to any

contract with any police agency to provide medical services to any detainee or prisoner" [DE 26-

1 at 3].  Moreover, St. Mary Medical Center was not a party to any contract with any police

agency to provide medical services to any detainee or prisoner [DE 26-1 at 4]. Accordingly, I

conclude that Dr. Miller was acting as a private party rather than as a state actor when he

examined Skirnick on July 14, 2009, at St. Mary Medical Center in Hobart, Indiana.

The Supreme Court has articulated three tests to determine whether a private party acted

under color of state law: the public function test, the state compulsion test, and the joint action

test. The public function test requires that the private party exercised powers that are

traditionally exclusively reserved to the state. *West*, 487 U.S. at 49-50. The state compulsion test

---

[1] Skirnick's actual receipt of the notice is doubtful.  On August 15, 2012, Skirnick provided a new address to the court by way of a letter to the Clerk of Court [DE 22].  Defense counsel served both the motion and the warning on Skirnick at the address that he provided [DE 25 at 2; DE 27 at 4].  But the documents were returned to defense counsel bearing indications that the addressee was unknown and that the envelope could not be forwarded [DE 29 at 1].  I can only conclude from this that Skirnick either moved again and failed to update his address with the Clerk of Court or simply gave the Clerk of the Court the wrong address the first time he moved.  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y 2006) (quotation marks and citation omitted).

requires that the state exercised such coercive power over the private party, or provided such

significant encouragement to the private party, that the choice of the private actor is deemed to

be that of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Finally, the joint action test

requires that the private party is a willful participant in joint action with the state or its agent.

*Dennis v. Spark*, 449 U.S. 24, 27-28 (1980). Dr. Miller did not become a state actor within the

meaning of § 1983 under any of these tests. Accordingly, he is entitled to summary judgment.

**CONCLUSION**

For the foregoing reasons, Defendant Miller's motion for summary judgment [DE 25] is

**GRANTED,** and the clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of the

Defendants and against the Plaintiff.

**SO ORDERED**.
ENTERED: October 29, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT